# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Jerald Cooper, *on behalf of himself and all others similarly situated,*  <br><br>Plaintiff,<br><br>v.<br><br>Phoenix Financial Services, LLC.,<br><br>Defendant. | Civil Action No:   1:19-cv-3725<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the

1

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff Jared Cooper ("Plaintiff" brings this action for actual damages, statutory damages, legal fees and expenses for the improper and illegal actions and conduct of Phoenix Financial Services, LLC ("Phoenix" or "Defendant"), whose actions and conduct are in direct violation of the FDCPA

3. While many violations are described below with specificity, this Complaint alleges violations of the FDCPA cited in its entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Indiana.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and

actions that should be taken to resolve the alleged debt.

7. Through this Complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 28 U.S.C § 1331 and pursuant to 15 U.S.§ 1692k(d).

9. Because Defendant does business within this judicial district, personal jurisdiction is established.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

11. The Plaintiff resides in this Judicial District.

## PARTIES

12. Plaintiff is an adult individual residing in Noblesville, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

13. The Plaintiff is "any person" as the term is used in 15 U.S.C. § 1692d preface.

14. Defendant is a debt collection agency and/or debt purchaser operating from an address at 8902 Otis Avenue, Suite 103A, Indianapolis, Indiana 46216, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

15. The Defendant is a debt collection agency and/or debt purchaser and is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

16. The Defendant regularly collects or attempts to collect, directly, or indirectly, debts owed of due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

17. Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. On April 17, 2018, client received a billing statement from PMH/Hamilton Emergency Physicians for services rendered in or around April of 2018 with a balance of $738.00 (the "Debt"). *See Exhibit "2" attached hereto.*

19. Plaintiff incurred the Debt for primarily for personal, family or household purposes as defined by §1692(a)(5).

20. The Debt went into default.

21. After the Debt went into default, the Debt was placed or otherwise transferred to Defendant for collection.

22. Plaintiff disputes the Debt.

23. Plaintiff requests that Defendant cease all further communication on the Debt.

24. Defendant's collector(s) were employee(s) and/or representative(s) of Defendant at all times mentioned herein.

25. Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

26. On September 6, 2018, Defendant sent Plaintiff a dunning letter in an attempt to collect the Debt, offering to accept a "discounted payment". *See Exhibit "3" attached hereto.*

27. Specifically, the September 6, 2018, dunning letter sent by Defendant stated, "We are authorized to accept a discounted payment of $738.00 to resolve this account for less than the full balance owed. Please contact one of our representatives to make arrangements for this discount." *See Exhibit "3" attached hereto.*

28. On February 5, 2019, Defendant sent Plaintiff a dunning letter, identical to the September 6, 2018, in an attempt to collect the Debt, offering to accept a "discounted payment" of $738.00. *See Exhibit "4" attached hereto.*

29. On March 6, 2019, Defendant sent Plaintiff a dunning letter, identical to the September 6, 2018, in an attempt to collect the Debt, offering to accept a "discounted payment" of $738.00. *See Exhibit "5" attached hereto.*

30. On April 3, 2019, Defendant sent Plaintiff a dunning letter, identical to the September 6, 2018, in an attempt to collect the Debt offering to accept a "discounted payment" of $738.00. *See Exhibit "6" attached hereto.*

31. On May 2, 2019, Defendant sent Plaintiff a dunning letter, Defendant sent Plaintiff a dunning letter, identical to the September 6, 2018, in an attempt to collect the Debt, offering to accept a "discounted payment" of $780.00. *See Exhibit "7" attached hereto.*

32. Defendant sent multiple dunning letters to the Plaintiff with identical language referring to a "discounted payment" to resolve the Debt when no actual discount existed.

33. Defendant sought to induce Plaintiff into paying Defendant under the false pretense that such a payment to Defendant would be a discount or savings to Plaintiff.

## COUNT 1

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as through fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

36. Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff though a campaign of dunning letters containing false statements as to a "discounted" offer to Plaintiff.

37. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using a false, deceptive, or misleading representation or means in connection with the collection of the Debt, specifically by falsely stating in multiple dunning letters that Defendant was providing a "discount" to Plaintiff. The dunning letters provided no discount as they matched the original bill provided by PMB/Hamilton Emergency Physicians.

38. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by making a false, deceptive or misleading representation or means in connection with the collection of a debt, specifically by creating a false sense of urgency by misleading Plaintiff to believe he was receiving a "discounted" offer from the original debt owed in an attempt to induce payment.

39. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation concerning the character, amount, or legal status of the Debt by claiming the amount sought was "discounted" when it was not in fact discounted.

40. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect of attempt to collect the Debt, specifically by misrepresenting the amount owed by claiming the amount sought was "discounted" when it was not in fact discounted.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.
2. Actual damages under 15 U.S.C. § 1692k(a)(1).
3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).
4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
5. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 30, 2019

                              Respectfully Submitted,

                              By: _/s/Richard J. Shea_
                              Richard J. Shea, Esq., # 21396-53
                              Sawin & Shea, LLC.
                              Attorneys for Plaintiff
                              6100 N. Keystone Avenue, Suite 620
                              Indianapolis, IN 46220
                              Telephone: (317) 255-2600
                              Facsimile: (317) 255-2905
                              E-mail: rshea@sawinlaw.com